Judd M. Jensen
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
801 W. Main, Suite 2A
Bozeman, MT 59715
(406) 585-0888
judd@bkbh.com

Attorneys for Interwest Exploration, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| INTERWEST EXPLORATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES BUREAU OF LAND MANAGMENT and <br> Tracy Stone-Manning, in her official capacity as Administrator, United States Bureau of Land Management, <br><br> Defendants. | Case No.  CV 23-55-BLG-SPW-KLD <br><br> **COMPLAINT** |

PLAINTIFF Interwest Exploration, Inc., by and through its counsel Judd M. Jensen of the law firm Browning, Kaleczyc, Berry & Hoven P.C., complains and alleges as follows:

1

## JURISDICTION AND VENUE

1. The Plaintiff brings this action under the Administrative Procedure Act, 5 U.S.C. § 706, 28 U.S.C. § 1331, and 28 U.S.C. §§ 2201-2202, for judicial review of a final determination of the United States Bureau of Land Management.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the four mining claims at issue are located in Sweet Grass County, Montana.

3. Plaintiff Interwest Exploration, Inc. (hereinafter "Interwest") is a California corporation in good standing and the legal owner of the four unpatented mining claims at issue in this review.

4. Defendant Bureau of Land Management ("BLM" or "Agency") is an executive agency of the United States within the meaning of the Administrative Procedure Act. *See* 5 U.S.C. § 551(1). The BLM is charged with administering certain provisions of the Federal Land Policy and Management Act (FLPMA) on behalf of the federal government.

5. Defendant Tracy Stone-Manning is the current Director of the BLM.

## LEGAL AND FACTUAL BACKGROUND

6. The Mining Law of 1872 ( 30 U.S.C. § 22 *et seq.* (1976)) authorized mining claims by any United States citizen who was able to locate a claim on lands belonging to the United States.

7. In 1976, with the passage of the Federal Land Policy and Management Act (FLPMA), Congress created a federal repository, describing where, when, and by whom mining claims had been located. *Topaz Beryllium Co. v. United States,* 479 F. Supp. 309, 312 (D.Utah 1979), aff'd, 649 F.2d 775 (10th Cir. 1981). The act also required owners of mining claims to file, before specific deadlines, notices of mining claims and annual statements showing continued interest in the mining claims. 43 U.S.C. § 1744 (1976).

8. This case includes four disputed unpatented claims - IRI # 27, 28, 29, and 30 – (hereinafter the "Disputed Claims") owned by Interwest, the over-staking (inappropriately granted patents by the BLM in behalf of Stillwater Mining Company) of mining claims - IRI # 16, 18, 20, 22, 24, 27, 28, 29, and 30 – (hereinafter the "over-staked claims") and inappropriately granted patents by the BLM.  See Exhibit A, a true and correct copy of the IRI Survey Map showing all of the IRI claims at issue; see also Exhibit B through E, true and correct copies of the most recent Certificates of Location for IRI #'s 27, 28, 29, and 30.

9. On the 3rd day of November, 1970 the Plaintiff's successor of interest, Floyd L. Cardinal (hereinafter "Cardinal"), located the Disputed Claims at issue on United States government land located in Sweet Grass County, Montana.

10. On the 16th day of November, 1970, Cardinal properly recorded the Disputed Claims with the Sweet Grass County clerk and recorder pursuant to the

laws of Montana at that time. See Exhibits B through E, true and correct copies of the four recorded unpatented mining claims. See Exhibit F, a true and correct copy of the quitclaim mineral deed from Cardinal to Interwest.

11.     Cardinal then submitted mining claims IRI #'s 1 through 30 and Bonanza # 3, 2, and Bonanza #3 Millsite Load Claim for recording in the federal claims repository on August 31, 1978. This filing included a detailed map showing the exact positions of the Disputed Claims. See map on page 55 of Exhibit A.

12.     Prior to filing the current litigation, Cardinal transferred any and all interest he owned in the Disputed Claims to Interwest. See Exhibit F, a true and correct copy of the quitclaim mineral deed from Cardinal to Interwest.

13.     Based on recent correspondence with the BLM, the Disputed Claims have been mired in confusion since the 1980's and a dispute has arisen between the parties about whether the Disputed Claims were ever properly submitted by Cardinal for filing in the federal repository on August 31, 1978.

14.     Cardinal has asserted he timely filed the Disputed Claims with the agency four decades ago along with dozens of other claims he filed at that same time, including but not limited to IRI # 1 through # 26 which were filed with the federal repository at the same time. See Exhibit A.

15. Cardinal also sent in regular payment on all of the annual filings related to these Disputed Claims with all of his other IRI claim payments since they were filed in 1978.

16. In 2022, the Disputed Claims underwent adjudication by the BLM to determine their validity.

17. Following this adjudication, the BLM informed Cardinal that the agency had no record of the Disputed Claims ever being properly submitted for recording on August 31, 1978 and that it did not consider them active mining claims. See Exhibit G, a true and correct copy of the Notice of Non-Recorded Mining Claims IRI #27, IRI #28, IRI #29 and IRI #30 dated September 22, 2022.

18. Although the BLM made its adjudication decision without prejudice to Plaintiff's right to relocate the four claims, portions of the Disputed Claims lie within the boundary of several newer mining claims that have been filed with the BLM in the last four decades. This includes but is not limited to Stillwater Mining Company's BUD Claim #'s 58, 64, 65, and 71 which were located in 1974 and in the claims filed by Wilf Struck in 1999, including SR Claim #'s 99 through 102 and SR Claim #'s 105 through 107. See Exhibit H, a detailed map showing the IRI claims in relation to the claims that are currently over-staking them.

19. Plaintiff files this action seeking judicial review of the BLM determination that the Disputed Claims have never been properly submitted for

recording with the BLM pursuant to FLPMA. In the alternative, Plaintiff also seek a judicial determination about whether the BLM has discretion to reject the unpatented claims for recording pursuant to FLPMA, since the October 21, 1979 deadline for filing unpatented claims has passed.

## CLAIMS FOR RELIEF

**CLAIM I: The Final Determination Exceeds BLMs Authority Under FLPMA**

20. Interwest repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. The Administrative Procedure Act requires an agency action to be set aside if it exceeds statutory authority or is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (C).

22. BLM's Final Determination states: "(i)n conclusion, IRI # 27, IRI #28, IRI #29, IRI #30 have NOT been recorded with BLM. They have NOT been assigned a BLM serial number. Despite the fact, they have been included on assessment documents and a map, this does not meet regulatory requirements for property filing a mining claim with the BLM. Therefore, these claims are not active mining claims." See Exhibit F, a true and correct copy of the Notice of Non-Recorded Mining Claims IRI #27, IRI #28, IRI #29 and IRI #30 dated September 22, 2022.

23. The Final Determination must be set aside because it exceeds the Agency's authority and is arbitrary, capricious, an abuse of discretion, vague, or otherwise not in accordance with the law.  5 U.S.C. § 706(2)(A), (C).

**Claim II: The Final Determination Violates the Due Process Clause**

24. Paragraphs 1-23 are re-alleged and incorporated by reference.

25. The adjudication process utilized by the BLM in 2022 did not allow Cardinal or Plaintiff to participate in the review of the Disputed Claims in any meaningful way and no hearing was ever held wherein they could provide testimony or evidence.

26. Terms used in the Final Determination are not defined in the regulations and are so vague that Plaintiff must guess at their meaning. For example, "not active mining claims" is a term that does not provide sufficient clarity for the Plaintiff to understand whether it can re-submit the old claims at this time or whether the agency believes they have been abandoned.

27. The Final Determination also does not set forth whether Plaintiff can appeal the determination or otherwise provide the agency additional records at this time to potentially prove that the agency was in fact provided all of the necessary documents related to the claims back on August 31, 1978.

28. Because of these irregularities, the Final Determination is in violation of the due process clause of the Fifth Amendment and is "arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law … contrary to constitutional right, power, privilege, or immunity…[and] in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(A) – (C).

**WHEREFORE**, Interwest prays for judgment against BLM as follows:

1. Awarding the Plaintiff's fees and costs;

2. Vacating and setting aside the Final Determination in its entirety;

3. Ordering the Agency to assign the Disputed Claims BLM Serial Numbers and a priority date based on Cardinal's August 31, 1978 filing; and

4. Granting the Plaintiff such additional relief as may be necessary and appropriate or as the Court deems just and proper.

DATED this 9th day of May, 2023.

                              BROWNING, KALECZYC, BERRY & HOVEN, P.C.

                              By: */s/ Judd M. Jensen*
                                    Judd M. Jensen

                              Attorneys for Interwest Exploration, Inc.